UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| JAVIER SOTO<br>Plaintiff, | )<br>)<br>)<br>) C.A. No. _____ |
| v. | ) |
| JOHN DEGON, SEVERAL<br>UNKNOWN WORCESTER<br>POLICE OFFICERS, the CITY of<br>WORCESTER, RICHARD<br>FRIKSKER, JOSE RIVERA,<br>SEVERAL UNKNOWN R.J.F.<br>SECURITY OFFICERS, R.J.F.<br>SECURITY, ADAM FERRARO,<br>President of R.J.F. SECURITY, and<br>the TROPIGALA NIGHT CLUB<br>Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) COMPLAINT<br><br>05-40029 FDS |

## INTRODUCTION

This is an action for money damages for violations of the plaintiff's constitutional rights brought pursuant to 42 U.S.C. §1983. The plaintiff, Javier Soto, alleges that, on or about May 26, 2003, he was pepper sprayed, kicked, and severely beaten by defendants Degon, Friksker, Rivera and other unknown police officers and security officers within and immediately outside the Tropigala Nightclub in Worcester, Massachusetts. As a result of the defendants' actions, plaintiff suffered permanent and severe physical injuries including, but not limited to, burns to his right eye and the loss of a portion of his testicle. He has also experienced a great deal of emotional distress.

## JURISDICTION

Jurisdiction is based upon 28 U.S.C. §§1331 and 1343, and on the pendent jurisdiction of this court to entertain related claims arising under state law.

1

## PARTIES

1. Plaintiff Javier Soto is a resident of Fitchburg and the Commonwealth of Massachusetts.

2. Defendant John Degon is a duly appointed Worcester Police Officer, acting under color of law at all times relevant to this complaint, and is sued in his individual capacity.

3. Defendant City of Worcester is a municipality duly organized under the laws of the Commonwealth of Massachusetts.

4. Defendant R.J.F Security is a private security company located in Worcester, Massachusetts.

5. Defendant Richard Friksker is a resident of Massachusetts and a private security officer employed by R.J.F. Security, acting in conjunction with the police and within the scope of employment at all times relevant to this complaint.

6. Defendant Jose Rivera is a resident of Massachusetts and a private security officer employed by R.J.F. Security, acting in conjunction with the police and within the scope of employment at all times relevant to this complaint.

7. Defendant Adam Ferraro is the President of R.J.F. Security. At all times relevant to this complaint, it was the responsibility of Defendant Ferraro to hire, retain, train, and to supervise security officers employed by R.J.F. Security.

8. Defendant Tropigala Nightclub is a nightclub conducting business in Worcester, Massachusetts.

9. Defendants, Several Unknown Worcester Police Officers are a duly appointed Worcester Police Officers, acting under color of law at all times relevant to this complaint, and are sued in their individual capacities.

10. Defendants, Several Unknown R.J.F. Security Officers are private security officers employed by R.J.F. Security, acting in conjunction with the police and within the scope of employment at all times relevant to this complaint

## FACTS

11. On the evening of May 26, 2003, Javier Soto went to the Tropigala nightclub in Worcester, Massachusetts with his brother Juan Soto.

12. At approximately 12:45 a.m. a fight broke out in the club. Plaintiff Soto was not involved.

13. At approximately 1:00 a.m. the lights were turned on and defendant R.J.F. Security officers began releasing pepper spray into the crowd.

14. Many patrons were pushing and falling as they rushed to exit the club.

15. While plaintiff was exiting the club, one of the security officers, defendant Jose Rivera, pulled him aside and pinned his hands behind his back.

16. Another officer, defendant Richard Friksker, kneed him and kicked him several times in the testicles with substantial force.

17. As Soto began to register the tremendous pain from Friksker's blow, defendant John Degon of the Worcester Police Department kicked him two times in the ribs and began to hit other patrons in the vicinity with his police club.

18. Additional members of the Worcester Police Department then appeared and an unknown defendant officer handcuffed Soto.

19. This officer then released pepper spray two inches from Soto's face. Although Soto was blinded by the spray and immobilized with pain, he continued to be hit.

20. Plaintiff's pain was so severe that it was no longer localized. He was unable to discern which parts of his body actually hurt as he was dragged from the club by the defendant police officers and R.J.F. Security officers.

21. Once outside, the defendant officers slammed Soto's face into the sidewalk and one jammed his knee firmly into the back of his neck as he was kicked several more times.

22. At this point, plaintiff was put into a prisoner transportation vehicle. The driver drove erratically, causing Soto more discomfort, as he was dizzy, disoriented, and being jerked around in the back of the vehicle.

23. Once they arrived at the police station, Soto asked to go to the hospital, and was told "F___ yourself." An unknown defendant police officer then splashed water in Soto's face.

24. At this point, plaintiff could still barely open his eyes and was unable to walk. A defendant officer had to help him into the station.

25. While being booked, Soto again requested to be taken to the hospital. A defendant police officer looked at him and told him that he was fine to spend the night in jail.

26. Plaintiff was bailed out after about four hours and went directly to Leominster Hospital.

27. As the doctor examined Plaintiff's testicle, he exclaimed, "Jesus Christ." His testicles were swollen and bluish purple from the bruising.

28. Soto also had scratches and cuts on his face, shoulder and knees.

29. The doctor also informed Plaintiff that his testicle looked horrible, it would probably require surgery, and there was a good chance it would have to be removed.

30. Plaintiff spent three days in the hospital.

31. Within a few hours of his release from the hospital, plaintiff's testicle swelled to over three times its normal size. Soto returned to the hospital, where he was immediately taken into surgery.

32. A portion of his testicle was removed during the procedure.

33. Soto spent four days in the hospital following surgery and had to return to the hospital several times for follow-up consultations.

34. Plaintiff was also required to wear a patch for several days because the pepper spray had burned the inside of his eye.

35. All charges stemming from this incident were dismissed by the Commonwealth.

36. As a result of his injuries, Mr. Soto was unable to engage in sexual relations for seven months.

37. Although he was finally medically cleared for sexual intercourse, the doctor informed Soto that he would continue to have physical pain during intercourse, rendering sexual activity difficult.

38. Even to this day, Plaintiff still finds that he often has to cease sexual activity due to the pain involved.

39. In addition, he still experiences pain in his eyes, has difficulty seeing and has so far undergone two rounds of eye surgery.

## COUNT I
## VIOLATION OF 42 U.S.C. § 1983
## BY ALL DEFENDANT POLICE OFFICERS

40. The Plaintiff restates the allegations in paragraphs 1 through 39 and incorporates said paragraphs herein as paragraph 40.

41. By the actions described above in paragraphs 1 through 39, the defendant police officers:

   a. Deprived the plaintiff of his right to be free from excessive force and unlawful arrest, in violation of 42 U.S.C. §1983 and the Fourth and Fourteenth Amendments to the United States Constitution; and

   b. Showed a deliberate indifference to the plaintiff's serious medical need, in violation of 42 U.S.C. §1983 and the Eighth Amendment to the United States Constitution.

## COUNT II
## VIOLATION OF 42 U.S.C. § 1983
## BY DEFENDANT CITY OF WORCESTER

42. The Plaintiff restates and realleges paragraphs 1 through 41 and incorporates said paragraphs herein as paragraph 42.

43. By the actions described above in paragraphs 1 through 41, the defendant City of Worcester has shown a deliberate indifference to the constitutional rights of its citizens by:

   a. Failing to adequately train its officers on the use of force and on the guidelines for proper arrests;

   b. Failing to adequately train, supervise, discipline officers who are prone to use excessive force and make illegal arrests;

    c. Tolerating a custom and practice in which officers use excessive force and make improper arrests;

    d. Failing to adequately investigate incidents where officers use excessive force and make unlawful arrests; and

    e. Tolerating a custom and practice in which medical care is denied to pre-trial detainees.

## COUNT III
## VIOLATION OF 42 U.S.C. §1983
## BY ALL DEFENDANT R.J.F. SECURITY OFFICERS

44. The Plaintiff restates and realleges paragraphs 1 through 43 and incorporates said paragraphs herein as paragraph 44.

45. By the actions described above in paragraphs 1 through 43, the defendant security officers, acting under color of law and in conjunction with the defendant police officers, deprived plaintiff of his right to be free from excessive force and unlawful arrest, all in violation of 42 U.S.C. §1983.

## COUNT IV
## VIOLATION OF MASSACHUSETTS CIVIL RIGHTS ACT (M.G.L. c. 12, §11I)
## BY ALL DEFENDANTS

46. The Plaintiff restates the allegations in paragraphs 1 through 45 and incorporates said paragraphs herein as paragraph 46.

47. By the actions described above in paragraphs 1 through 45, the defendants violated plaintiff's civil rights through threats, intimidation and coercion, in violation of M.G.L. c. 12, §11I.

7

## COUNT V
## NEGLIGENCE
## BY DEFENDANTS R.J.F. SECURITY, FERRARO AND TROPIGALA

48. The Plaintiff restates the allegations in paragraphs 1 through 47 and incorporates said paragraphs herein as paragraph 48.

49. The defendants are liable to the plaintiff for negligence because:

   a. They owed a duty to prevent foreseeable harm to the plaintiff by hiring, retaining, training and supervising their security officers non-negligently;

   b. They breached that duty by negligently hiring, retaining, and then failing to adequately train and supervise the defendant R.J.F. Security officers and defendant Degon;

   c. This breach of duty was the proximate and cause in fact of

   d. Plaintiff's severe physical and emotional injuries

## COUNT VI
## BATTERY
## BY DEFENDANTS FERRARO, R.J.F. SECURITY AND TROPIGALA

50. The Plaintiff restates the allegations in paragraphs 1 through 49 and incorporates said paragraphs herein as paragraph 50.

51. By the actions described above in paragraphs 1 through 49, the defendants are vicariously liable to the plaintiff for the battery committed by their employees because:

   a. The defendant R.J.F. Security officers and defendant Degon were acting within the scope of employment at the time of the battery;

   b. In serving their employers, defendants Ferraro, R.J.F. Security and Tropigala, the defendant security officers and defendant Degon intentionally used force

amounting to a harmful and offensive touching of the plaintiff causing him harm; and

c. Such force was authorized, expressly and/or implicity, by Defendants Ferraro, R.J.F. Security and Tropigala.

**WHEREFORE,** the plaintiff respectfully requests that this Honorable Court award:

1. Compensatory damages against all defendants jointly and severally;

2. Punitive damages against all individual defendants;

3. The costs of this action, including reasonable attorneys' fees; and,

4. Such other and further relief, as this Court may deem necessary and appropriate.

## DEMAND FOR JURY TRIAL

A jury trial is hereby demanded on all claims

>  Respectfully submitted
>  The Plaintiff Javier Soto
>  By his attorneys,
>
>  /s/ Stephen Hrones
>  Stephen Hrones
>  BBO No. 242860
>  Jessica D. Hedges
>  BBO No. 645847
>  Hrones, Garrity & Hedges
>  Lewis Wharf – Bay 232
>  Boston, MA 02110-3927
>  (617) 227-4019

Dated: February 1, 2005

JS 44
(Rev. 07/89)

# CIVIL COVER SHEET  05-40029

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I (a) PLAINTIFFS

Javier Soto

**DEFENDANTS**

John Degon, Several Unknown Worcester Police Officers, the City of Worcester, Richard Ertel, Jose Rivera, Several Unknown RJF Security Officers, RJF Security, Adam Ferraro, President of RJF Security & the Tropigala Night Club

FILED
IN CLERKS OFFICE
2005 FEB -4 P 12:52
U.S. DISTRICT COURT
DISTRICT OF MASS

**(b)** COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF  Worcester
(EXCEPT IN U.S. PLAINTIFF CASES)

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT _____
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED

**(c)** ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)
Stephen Hrones, Esq.
Jessica D Hedges, Esq.
Hrones Garrity & Hedges LLP
Lewis Wharf-Bay 232, Boston, MA 02110
617/227-4019

ATTORNEYS (IF KNOWN)

## II. BASIS OF JURISDICTION (PLACE AN x IN ONE BOX ONLY)

- ☐ 1 U.S. Government Plaintiff
- ☒ 3 Federal Question (U.S. Government Not a Party)
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (PLACE AN x IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT)
(For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. CAUSE OF ACTION (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE. DO NOT CITE JURISDICTIONAL STATUTES UNLESS DIVERSITY.)

42 USC §1983

## V. NATURE OF SUIT (PLACE AN x IN ONE BOX ONLY)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury—Med Malpractice | ☐ 620 Other Food & Drug | | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 365 Personal Injury—Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 423 Withdrawal 28 USC 157 | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | | ☐ 630 Liquor Laws | | ☐ 450 Commerce/ICC Rates/etc. |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 640 R.R. & Truck | **PROPERTY RIGHTS** | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | | ☐ 650 Airline Regs | ☐ 820 Copyrights | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability | **PERSONAL PROPERTY** | ☐ 660 Occupational Safety/Health | ☐ 830 Patent | ☐ 810 Selective Service |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 370 Other Fraud | ☐ 690 Other | ☐ 840 Trademark | ☐ 850 Securities/Commodities/Exchange |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 371 Truth in Lending | **LABOR** | **SOCIAL SECURITY** | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 380 Other Personal Property Damage | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 891 Agricultural Acts |
| ☐ 195 Contract Product Liability | | ☐ 385 Property Damage Product Liability | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 892 Economic Stabilization Act |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 893 Environmental Matters |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence | | ☐ 864 SSID Title XVI | ☐ 894 Energy Allocation Act |
| ☐ 220 Foreclosure | ☐ 442 Employment | Habeas Corpus: | ☐ 740 Railway Labor Act | ☐ 865 RSI (405(g)) | ☐ 895 Freedom of Information Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/Accommodations | ☐ 530 General | ☐ 790 Other Labor Litigation | **FEDERAL TAX SUITS** | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 240 Torts to Land | ☐ 444 Welfare | ☐ 535 Death Penalty | ☐ 791 Empl. Ret. Inc. Security Act | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 950 Constitutionality of State Statutes |
| ☐ 245 Tort Product Liability | ☒ 440 Other Civil Rights | ☐ 540 Mandamus & Other | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 890 Other Statutory Actions |
| ☐ 290 All Other Real Property | | ☐ 550 Other | | | |

## VI. ORIGIN (PLACE AN x IN ONE BOX ONLY)

☒ Original Proceeding ☐ 2 Removed from State Court ☐ 3 Remanded from Appellate Court ☐ 4 Reinstated or Reopened ☐ 5 Transferred from another district (specify) ☐ 6 Multidistrict Litigation ☐ 7 Appeal to District Judge from Magistrate Judgment

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A **CLASS ACTION** UNDER F.R.C.P. 23

**DEMAND $** TBD

Check YES only if demanded in complaint:
**JURY DEMAND:** ☒ YES ☐ NO

## VIII. RELATED CASE(S) IF ANY (See instructions):

JUDGE _____   DOCKET NUMBER _____

DATE 2/4/05

SIGNATURE OF ATTORNEY OF RECORD
/s/ Jessica Hedges

UNITED STATES DISTRICT COURT

05-40029

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

1. TITLE OF CASE (NAME OF FIRST PARTY ON EACH SIDE ONLY) Javier Soto v. John Degon, et al.

2. CATEGORY IN WHICH THE CASE BELONGS BASED UPON THE NUMBERED NATURE OF SUIT CODE LISTED ON THE CIVIL COVER SHEET. (SEE LOCAL RULE 40.1(A)(1)).

   ___  I.    160, 410, 470, R.23, REGARDLESS OF NATURE OF SUIT.

   XX   II.   195, 368, 400, 440, 441-444, 540, 550, 555, 625, 710, 720, 730, *Also complete AO 120 or AO 121
              740, 790, 791, 820*, 830*, 840*, 850, 890, 892-894, 895, 950.  for patent, trademark or copyright cases

   ___  III.  110, 120, 130, 140, 151, 190, 210, 230, 240, 245, 290, 310,
              315, 320, 330, 340, 345, 350, 355, 360, 362, 365, 370, 371,
              380, 385, 450, 891.

   ___  IV.   220, 422, 423, 430, 460, 510, 530, 610, 620, 630, 640, 650, 660,
              690, 810, 861-865, 870, 871, 875, 900.

   ___  V.    150, 152, 153.

3. TITLE AND NUMBER, IF ANY, OF RELATED CASES. (SEE LOCAL RULE 40.1(G)). IF MORE THAN ONE PRIOR RELATED CASE HAS BEEN FILED IN THIS DISTRICT PLEASE INDICATE THE TITLE AND NUMBER OF THE FIRST FILED CASE IN THIS COURT.

4. HAS A PRIOR ACTION BETWEEN THE SAME PARTIES AND BASED ON THE SAME CLAIM EVER BEEN FILED IN THIS COURT?

                                                               YES          NO

5. DOES THE COMPLAINT IN THIS CASE QUESTION THE CONSTITUTIONALITY OF AN ACT OF CONGRESS AFFECTING THE PUBLIC INTEREST? (SEE 28 USC §2403)

                                                               YES          NO

   IF SO, IS THE U.S.A. OR AN OFFICER, AGENT OR EMPLOYEE OF THE U.S. A PARTY?

                                                               YES          NO

6. IS THIS CASE REQUIRED TO BE HEARD AND DETERMINED BY A DISTRICT COURT OF THREE JUDGES PURSUANT TO TITLE 28 USC §2284?

                                                               YES          NO

7. DO ALL OF THE PARTIES IN THIS ACTION, EXCLUDING GOVERNMENTAL AGENCIES OF THE UNITED STATES AND THE COMMONWEALTH OF MASSACHUSETTS ("GOVERNMENTAL AGENCIES"), RESIDING IN MASSACHUSETTS RESIDE IN THE SAME DIVISION? - (SEE LOCAL RULE 40.1(D)).

                                                               YES          NO

   A.  IF YES, IN WHICH DIVISION DO ALL OF THE NON-GOVERNMENTAL PARTIES RESIDE?

       EASTERN DIVISION          CENTRAL DIVISION          WESTERN DIVISION

   B.  IF NO, IN WHICH DIVISION DO THE MAJORITY OF THE PLAINTIFFS OR THE ONLY PARTIES, EXCLUDING GOVERNMENTAL AGENCIES, RESIDING IN MASSACHUSETTS RESIDE?

       EASTERN DIVISION          CENTRAL DIVISION          WESTERN DIVISION

(PLEASE TYPE OR PRINT)
ATTORNEY'S NAME Stephen Hrones, Jessica D Hedges
ADDRESS Hrones Garrity & Hedges, Lewis Wharf-Bay 232
TELEPHONE NO. Boston, MA 02110    617/227-4019

(Cover sheet local.wpd - 11/27/00)

FILED IN CLERKS OFFICE
2005 FEB -4 P 4: 53
U.S. DISTRICT COURT
DISTRICT OF MASS.