UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| JAVIER SOTO,<br>    Plaintiff<br><br>v.<br><br>JOHN DEGON, SEVERAL UNKOWN<br>WORCESTER POLICE OFFICERS,<br>the CITY of WORCESTER,<br>RICHARD FRIKSKER, JOSE RIVERA,<br>SEVERAL UNKNOWN R.J.F.<br>SECURITY OFFICERS, R.J.F.<br>SECURITY, ADAM FERRARO,<br>President of R.J.F. SECURITY,<br>and the TROPIGALA NIGHT CLUB,<br>    Defendants | CIVIL ACTION NO. 05-40029FDS |

<u>ANSWER OF JOHN DEGON, SEVERAL UNKNOWN WORCESTER POLICE OFFICERS,
AND THE CITY OF WORCESTER</u>

    Defendants John Degon, Several Unknown Worcester Police Officers and City of Worcester ("Defendants") hereby answer Plaintiff's Complaint as follows:

<u>INTRODUCTION</u>

    This is an introductory paragraph, rather than a factual allegation, to which no answer required.

<u>JURISDICTION</u>

    This is a statement of jurisdiction, rather than a factual allegation, to which no answer required.

<u>PARTIES</u>

    1.    Defendants are without sufficient information to form a belief as to the truth of the allegations contained in Paragraph 1 of Plaintiff's Complaint.

2.   Defendants admit the allegations contained in Paragraph 2 of Plaintiff's Complaint.

3.   Defendants admit the allegations contained in Paragraph 3 of Plaintiff's Complaint.

4.   Defendants are without sufficient information to form a belief as to the truth of the allegations contained in Paragraph 4 of Plaintiff's Complaint.

5.   Defendants are without sufficient information to form a belief as to the truth of the allegations contained in Paragraph 5 of Plaintiff's Complaint.

6.   Defendants are without sufficient information to form a belief as to the truth of the allegations contained in Paragraph 6 of Plaintiff's Complaint.

7.   Defendants are without sufficient information to form a belief as to the truth of the allegations contained in Paragraph 7 of Plaintiff's Complaint.

8.   Upon information and belief, Defendants admit the allegations contained in Paragraph 8 of Plaintiff's Complaint.

9.   Defendants are without sufficient information to form a belief as to the truth of the allegations contained in Paragraph 9 of Plaintiff's Complaint.

10.   Defendants are without sufficient information to form a belief as to the truth of the allegations contained in Paragraph 10 of Plaintiff's Complaint.

## FACTS

11.   Defendants admit that during the evening of May 26, 2003 Javier Soto went to the Tropigala nightclub in Worcester, Massachusetts. Defendants are without sufficient information to form a belief as to the truth of the remaining allegations contained in Paragraph 11.

12.   Defendants admit that at approximately 12:45 a.m. a fight broke out in the club. Defendants deny the remaining allegations contained in Paragraph 12 of Plaintiff's Complaint.

13.   Defendants admit that at approximately 1:00 a.m. the lights were turned on, and Defendants admit that an R.J.F.

Security officer used pepper spray. Defendants deny the remaining allegations contained in Paragraph 13 of Plaintiff's Complaint.

 14. Defendants admit that patrons were pushing to exit the club, but are without sufficient information to form a belief as to the truth of the remaining allegations contained in Paragraph 14 of Plaintiff's Complaint.

 15. Defendants are without sufficient information to form a belief as to the truth of the allegations contained in Paragraph 15 of Plaintiff's Complaint.

 16. Defendants are without sufficient information to form a belief as to the truth of the allegations contained in Paragraph 16 of Plaintiff's Complaint.

 17. Defendants deny the allegations contained in Paragraph 17 of Plaintiff's Complaint.

 18. Defendants admit the allegations contained in Paragraph 18 of Plaintiff's Complaint.

 19. Defendants deny the allegations contained in Paragraph 19 of Plaintiff's Complaint.

 20. Defendants deny the allegations contained in Paragraph 20 of Plaintiff's Complaint.

 21. Defendants deny the allegations contained in Paragraph 21 of Plaintiff's Complaint.

 22. Defendants admit that the Plaintiff was transported in a wagon. Defendants deny the remaining allegations contained in Paragraph 22 of Plaintiff's Complaint.

 23. Defendants deny the allegations contained in Paragraph 23 of Plaintiff's Complaint.

 24. Defendants deny the allegations contained in Paragraph 24 of Plaintiff's Complaint.

 25. Defendants deny the allegations contained in Paragraph 25 of Plaintiff's Complaint.

 26. Defendants admit that Plaintiff was bailed out after approximately four hours from the time he was arrested.

Defendants are without sufficient information to form a belief as to the truth of the remaining allegations contained in Paragraph 26 of Plaintiff's Complaint.

27. Defendants are without sufficient information to form a belief as to the truth of the allegations contained in Paragraph 27 of Plaintiff's Complaint.

28. Defendants are without sufficient information to form a belief as to the truth of the allegations contained in Paragraph 28 of Plaintiff's Complaint.

29. Defendants are without sufficient information to form a belief as to the truth of the allegations contained in Paragraph 29 of Plaintiff's Complaint.

30. Defendants are without sufficient information to form a belief as to the truth of the allegations contained in Paragraph 30 of Plaintiff's Complaint.

31. Defendants are without sufficient information to form a belief as to the truth of the allegations contained in Paragraph 31 of Plaintiff's Complaint.

32. Defendants are without sufficient information to form a belief as to the truth of the allegations contained in Paragraph 32 of Plaintiff's Complaint.

33. Defendants are without sufficient information to form a belief as to the truth of the allegations contained in Paragraph 33 of Plaintiff's Complaint.

34. Defendants are without sufficient information to form a belief as to the truth of the allegations contained in Paragraph 34 of Plaintiff's Complaint.

35. Defendants admit the allegations contained in Paragraph 35 of Plaintiff's Complaint.

36. Defendants are without sufficient information to form a belief as to the truth of the allegations contained in Paragraph 36 of Plaintiff's Complaint.

37. Defendants are without sufficient information to form a belief as to the truth of the allegations contained in Paragraph 37 of Plaintiff's Complaint.

38. Defendants are without sufficient information to form a belief as to the truth of the allegations contained in Paragraph 38 of Plaintiff's Complaint.

39. Defendants are without sufficient information to form a belief as to the truth of the allegations contained in Paragraph 39 of Plaintiff's Complaint.

COUNT I
VIOLATION OF 42 U.S.C. § 1983
BY ALL DEFENDANT POLICE OFFICERS

40. Defendants repeat and reallege their answers to paragraphs 1 through 39 of Plaintiff's Complaint, as if fully set forth herein.

41. Defendants deny the allegations contained in Paragraphs 41 (a) and (b) of Plaintiff's Complaint.

COUNT II
VIOLATION OF 42 U.S.C. § 1983
BY DEFENDANT CITY OF WORCESTER

42. Defendants repeat and reallege their answers to paragraphs 1 through 41 of Plaintiff's Complaint, as if fully set forth herein.

43. Defendants deny the allegations contained in Paragraph 43 (a), (b), (c), (d) and (e) of Plaintiff's Complaint.

COUNT III
VIOLATION OF 42 U.S.C. § 1983
BY ALL DEFENDANT R.J.F. SECURITY OFFICERS

COUNT III does not pertain to the City of Worcester Defendants, and therefore no answer is required.

COUNT IV
VIOLATION OF MASSACHUSETTS CIVIL RIGHTS ACT
(M.G.L. c. 12, § 11I)
BY ALL DEFENDANTS

46.  Defendants repeat and reallege their answers to paragraphs 1 through 45 of Plaintiff's Complaint, as if fully set forth herein.

47.  Defendants deny the allegations contained in Paragraph 47 of Plaintiff's Complaint.

COUNT V
NEGLIGENCE
BY DEFENDANTS R.J.F. SECURITY, FERRARO AND TROPIGALA

COUNT V does not pertain to the City of Worcester Defendants, and therefore no answer is required.

COUNT VI
BATTERY
BY DEFENDANTS FERRARO, R.J.F. SECURITY AND TROPIGALA

COUNT VI does not pertain to the City of Worcester Defendants, and therefore no answer is required.

FIRST AFFIRMATIVE DEFENSE

Plaintiff's Complaint fails to state a claim upon which relief can be granted, and, as a result, this action should be dismissed with prejudice and with costs to the Plaintiff.

SECOND AFFIRMATIVE DEFENSE

Defendants state the injuries or damages alleged in Plaintiff's Complaint were caused in whole or in part by Plaintiff's own conduct, and, therefore, Plaintiff is estopped from recovering on his claims.

THIRD AFFIRMATIVE DEFENSE

Defendants state that the injuries or damages alleged in Plaintiff's Complaint were caused in whole or in part by Plaintiff's violation of the various statutes, ordinances and

regulations governing the conduct of the parties at the time said injuries or damages were sustained.

### FOURTH AFFIRMATIVE DEFENSE

Defendants are not liable to Plaintiff because Defendants' actions were, at all times relevant hereto, proper, justified and in good faith.

### FIFTH AFFIRMATIVE DEFENSE

Defendants are not liable to Plaintiff because Defendants' actions were performed according to and protected by law and/or legal process.

### SIXTH AFFIRMATIVE DEFENSE

Defendants are not liable to Plaintiff because Defendants' were privileged in their conduct and acts.

### SEVENTH AFFIRMATIVE DEFENSE

Defendants are entitled to immunity based upon the good faith belief that the harm suffered by Plaintiff was not a result of which a reasonable person in Defendants' position would have known to result from their actions.

### EIGHTH AFFIRMATIVE DEFENSE

At all times relevant hereto, Defendants state that they acted without malice toward Plaintiff and that their actions relative to Plaintiff were privileged by virtue of their acting reasonably and in good faith within the scope of their employment.

### NINTH AFFIRMATIVE DEFENSE

Defendants have qualified immunity from this suit as the alleged acts complained of occurred within the scope of the Defendants' official duties and the Defendants had no knowledge that said alleged acts were illegal and/or unconstitutional nor were said alleged acts clearly violative of Plaintiff's rights at the time that they were committed.

TENTH AFFIRMATIVE DEFENSE

At all times relevant hereto, Defendant John Degon was a police officer acting within the scope of his authority; if physical contact was made between Defendant Degon and Plaintiff, such conduct was a fair and reasonable exercise of Defendant Degon's police powers and, therefore, he is immune from liability and/or an award of monetary damages.

ELEVENTH AFFIRMATIVE DEFENSE

Defendants at all times acted reasonably and with a good faith belief that their actions were lawful and not in violation of any federal or state constitutional right.

TWELFTH AFFIRMATIVE DEFENSE

Defendants are immune from suit in accordance with the doctrines of qualified immunity, absolute immunity, and/or privilege.

THIRTEENTH AFFIRMATIVE DEFENSE

If Plaintiff suffered any injury or damage as alleged, such damage was caused by the acts or omissions of a third party over whom the Defendants had no control.

FOURTEENTH AFFIRMATIVE DEFENSE

Defendants state that their conduct or actions were not the proximate cause of Plaintiff's injuries.

FIFTEENTH AFFIRMATIVE DEFENSE

Defendants state that Plaintiff's Complaint fails to state a claim under 42 U.S.C. § 1983 as the conduct alleged in Plaintiff's Complaint does not involve any particular right arising under the United States Constitution, and further that no violation of any constitutional right has been pleaded with the requisite particularity, and, therefore, counts purporting to allege such violation must be dismissed.

### SIXTEENTH AFFIRMATIVE DEFENSE

Plaintiff failed to effectuate proper and timely service on the Defendants, and, therefore, the action against them must be dismissed.

### SEVENTEENTH AFFIRMATIVE DEFENSE

The Defendants did not interfere with, or attempt to interfere with, any federal or state constitutional or statutory right of Plaintiff by means of threats, intimidation or coercion.

### EIGHTEENTH AFFIRMATIVE DEFENSE

Defendant City of Worcester is not a person subject to liability under Mass. Gen. Laws c. 12, § 11I.

### NINETEENTH AFFIRMATIVE DEFENSE

Plaintiff did not suffer any actual deprivation of any rights secured by the Constitution or laws of either the United States or the Commonwealth.

### TWENTIETH AFFIRMATIVE DEFENSE

Any interference or attempted interference by Defendants with any of Plaintiff's secured rights was not by threats, intimidation or coercion.

### TWENTY-FIRST AFFIRMATIVE DEFENSE

Any direct deprivation of any of Plaintiff's secured rights is not cognizable under Mass. Gen. Laws c. 12, § 11I.

### TWENTY-SECOND AFFIRMATIVE DEFENSE

The Defendants did not intend to create in Plaintiff a reasonable apprehension of impending physical harm.

### TWENTY-THIRD AFFIRMATIVE DEFENSE

The individual Defendants did not intentionally and unjustifiably use excessive or harmful force against Plaintiff.

### TWENTY-FOURTH AFFIRMATIVE DEFENSE

The individual Defendants' conduct was not extreme and outrageous.

### TWENTY-FIFTH AFFIRMATIVE DEFENSE

Any force used as to Plaintiff was reasonable under all the circumstances.

### TWENTY-SIXTH AFFIRMATIVE DEFENSE

There was probable cause for Plaintiff's arrest.

### TWENTY-SEVENTH AFFIRMATIVE DEFENSE

Defendants were not deliberately indifferent to Plaintiff's medical needs.

### TWENTY-EIGHTH AFFIRMATIVE DEFENSE

The damages alleged in Plaintiff's Complaint were the result of supervening and intervening causes unrelated to any acts of Defendants.

### TWENTY-NINTH AFFIRMATIVE DEFENSE

The individual Defendants at all times were motivated with neither an evil intent or motive, nor with a reckless or callous indifference, toward any of Plaintiff's federally protected rights.

### THIRTIETH AFFIRMATIVE DEFENSE

Plaintiff has failed to adequately plead with the requisite particularity his claim against Defendant City of Worcester for failure to train or supervise its police officers, and, therefore, counts purporting to allege such violation must be dismissed.

WHEREFORE, the Defendants seek judgment in their favor dismissing Plaintiff's Complaint and awarding them the costs of defending this action including attorney's fees.

Defendants demand a jury trial on all issues so triable.

>JOHN DEGON, SEVERAL UNKNOWN
>WORCESTER POLICE OFFICERS,
>and the CITY OF WORCESTER
>
>By their attorneys
>
>_____
>Janet J. McGuiggan (BBO#630013)
>Assistant City Solicitor
>City Hall, Room 301
>455 Main Street
>Worcester, MA  01608
>(508) 799-1161

### CERTIFICATE OF SERVICE

I, the undersigned, hereby certify that on the 21st day of April, 2005 I served a copy of the foregoing Answer of John Degon, Several Unknown Worcester Police Officers, and City of Worcester upon Plaintiff, by mailing a copy of the same, postage prepaid, to Stephen Hrones, Esquire, Hrones, Garrity & Hedges, Lewis Wharf, Bay 232, Boston, MA  02110-3927.

>_____
>Janet J. McGuiggan
>Assistant City Solicitor