UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| JAVIER SOTO, )<br>    Plaintiff, )<br> )<br>V. )<br> )<br>JOHN DEGON, SEVERAL UNKNOWN )<br>WORCESTER POLICE OFFICERS, )<br>THE CITY OF WORCESTER, )<br>RICHARD FRIKSKER, JOSE RIVERA, )<br>SEVERAL UNKNOWN R.J.F. )<br>SECURITY OFFICERS, R.J.F. )<br>SECURITY, ADAM FERRARO, )<br>PRESIDENT OF R.J.F. SECURITY )<br>AND THE TROPIGALA NIGHT CLUB, )<br>    Defendants. ) | C.A. NO. 05-40029 FDS |

**ANSWER AND DEMAND FOR JURY TRIAL OF RICHARD
FRIKSKER, JOSE RIVERA, SEVERAL UNKNOWN R.J.F.
SECURITY OFFICERS, R.J.F. SECURITY AND ADAM
FERRARO, PRESIDENT OF R.J.F. SECURITY**

### INTRODUCTION

Defendants deny the allegations in the paragraph entitled "Introduction" of the Complaint.

### JURISDICTION

Defendants deny the allegations in the paragraph entitled "Jurisdiction" of the Complaint.

### PARTIES

1. Defendants are without sufficient information to admit or deny the allegations in Paragraph 1 of the Complaint.

2. Defendants are without sufficient information to admit or deny the allegations in Paragraph 2 of the Complaint.

3. Defendants are without sufficient information to admit or deny the allegations in Paragraph 3 of the Complaint.

4. Defendants deny the allegations in Paragraph 4 of the Complaint.

5. Defendants deny the allegations in Paragraph 5 of the Complaint.

6. Defendants admit that Jose Rivera is a resident of Massachusetts, but deny the remaining allegations in Paragraph 6 of the Complaint.

7. Defendants deny the allegations in Paragraph 7 of the Complaint.

8. Defendants are without sufficient information to admit or deny the allegations in Paragraph 8 of the Complaint.

9. Defendants are without sufficient information to admit or deny the allegations in Paragraph 9 of the Complaint.

10. Defendants deny the allegations in Paragraph 10 of the Complaint.

## **FACTS**

11. Defendants are without sufficient information to admit or deny the allegations in Paragraph 11 of the Complaint.

12. Defendants are without sufficient information to admit or deny the allegations in Paragraph 12 of the Complaint.

13. Defendants deny the allegations in Paragraph 13 of the Complaint.

14. Defendants are without sufficient information to admit or deny the allegations in Paragraph 14 of the Complaint.

15. Defendants deny the allegations in Paragraph 15 of the Complaint.

16. Defendants deny the allegations in Paragraph 16 of the Complaint.

17. Defendants deny the allegations in Paragraph 17 of the Complaint.

18. Defendants are without sufficient information to admit or deny the allegations in Paragraph 18 of the Complaint.

19. Defendants are without sufficient information to admit or deny the allegations in Paragraph 19 of the Complaint.

20. Defendants deny the allegations in Paragraph 20 of the Complaint.

21. Defendants deny the allegations in Paragraph 21 of the Complaint.

22. Defendants are without sufficient information to admit or deny the allegations in Paragraph 22 of the Complaint.

23. Defendants are without sufficient information to admit or deny the allegations in Paragraph 23 of the Complaint.

24. Defendants are without sufficient information to admit or deny the allegations in Paragraph 24 of the Complaint.

25. Defendants are without sufficient information to admit or deny the allegations in Paragraph 25 of the Complaint.

26. Defendants are without sufficient information to admit or deny the allegations in Paragraph 26 of the Complaint.

27. Defendants are without sufficient information to admit or deny the allegations in Paragraph 27 of the Complaint.

28. Defendants are without sufficient information to admit or deny the allegations in Paragraph 28 of the Complaint.

29. Defendants are without sufficient information to admit or deny the allegations in Paragraph 29 of the Complaint.

30. Defendants are without sufficient information to admit or deny the allegations in Paragraph 30 of the Complaint.

31. Defendants are without sufficient information to admit or deny the allegations in Paragraph 31 of the Complaint.

32. Defendants are without sufficient information to admit or deny the allegations in Paragraph 32 of the Complaint.

33. Defendants are without sufficient information to admit or deny the allegations in Paragraph 33 of the Complaint.

34. Defendants are without sufficient information to admit or deny the allegations in Paragraph 34 of the Complaint.

35. Defendants are without sufficient information to admit or deny the allegations in Paragraph 35 of the Complaint.

36. Defendants are without sufficient information to admit or deny the allegations in Paragraph 36 of the Complaint.

37. Defendants are without sufficient information to admit or deny the allegations in Paragraph 37 of the Complaint.

38. Defendants are without sufficient information to admit or deny the allegations in Paragraph 38 of the Complaint.

39. Defendants are without sufficient information to admit or deny the allegations in Paragraph 39 of the Complaint.

## COUNT I

40. Defendants repeat and reaver their answers to Paragraphs 1 through 39 of the Complaint, as if specifically set forth herein.

41. The allegations in Paragraph 41 of Count I of the Complaint do not relate or refer to these defendants and therefore, defendants neither admit nor deny the allegations. To the extent the allegations may relate or refer to these defendants, the allegations are denied.

## COUNT II

42. Defendants repeat and reaver their answers to Paragraphs 1 through 41 of the Complaint, as if specifically set forth herein.

43. The allegations in Paragraph 43 of Count II of the Complaint do not relate or refer to these defendants and therefore, defendants neither admit nor deny the allegations. To the extent the allegations may relate or refer to these defendants, the allegations are denied.

## COUNT III

44. Defendants repeat and reaver their answers to Paragraphs 1 through 43 of the Complaint, as if specifically set forth herein.

45. Defendants deny the allegations in Paragraph 45 of Count III of the Complaint.

## COUNT IV

46. Defendants repeat and reaver their answers to Paragraphs 1 through 45 of the Complaint, as if specifically set forth herein.

47. Defendants deny the allegations in Paragraph 47 of Count IV of the Complaint.

## COUNT V

48. Defendants repeat and reaver their answers to Paragraphs 1 through 47 of the Complaint, as if specifically set forth herein.

49. Defendants deny the allegations in Paragraph 49 of Count V of the Complaint.

## COUNT VI

50. Defendants repeat and reaver their answers to Paragraphs 1 through 49 of the Complaint, as if specifically set forth herein.

51. Defendants deny the allegations in Paragraph 51 of Count VI of the Complaint.

### FIRST AFFIRMATIVE DEFENSE

The Complaint fails to state a claim upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

The Complaint should be dismissed based on the doctrine of unclean hands.

### THIRD AFFIRMATIVE DEFENSE

The Complaint should be dismissed because of the statute of limitations.

### FOURTH AFFIRMATIVE DEFENSE

The injury or damage complained of by the Plaintiff was caused in whole or in part by the negligence, act or failure to act of the Plaintiff and such negligence, act or failure to act is a bar to Plaintiff's recovery, as it exceeded any negligence, act or failure to act on the part of Defendants, or the claimed damage must be reduced, as provided by G.L. c. 231, Section 85.

### FIFTH AFFIRMATIVE DEFENSE

The injury or damage complained of by the plaintiff was caused in whole or in part by the negligence, act or failure to act of some other person for whose conduct Defendants are not legally responsible.

### SIXTH AFFIRMATIVE DEFENSE

Even, assuming arguendo, the defendants were acting under color of law, they are entitled to qualified immunity because their alleged actions did not violate clearly established statutory or constitutional rights of which a reasonable person would have been aware.

### SEVENTH AFFIRMATIVE DEFENSE

The behavior of Plaintiff was such that any alleged acts committed by Defendants were justified.

### EIGHTH AFFIRMATIVE DEFENSE

Immediately preceding the alleged incident, Plaintiff wrongfully provoked Defendants.

### NINTH AFFIRMATIVE DEFENSE

At the time and place set forth in the complaint, Plaintiff assaulted Defendants and others and would have beaten and injured Defendants and/or others if Defendants had not defended themselves and others against Plaintiff. If any damage then happened to Plaintiff, the same was occasioned by the said assault so made by Plaintiff upon Defendant and others, and in the necessary defense by Defendants of themselves and others against Plaintiff using no more force than was necessary.

### TENTH AFFIRMATIVE DEFENSE

Plaintiff voluntarily assumed the risk of injury and damages.

### ELEVENTH AFFIRMATIVE DEFENSE

This court lacks subject matter jurisdiction over this matter.

### TWELFTH AFFIRMATIVE DEFENSE

The Complaint should be dismissed because the jurisdictional amount in controversy requirement has not been met.

### THIRTEENTH AFFIRMATIVE DEFENSE

The Complaint should be dismissed because of a misnomer.

### FOURTEENTH AFFIRMATIVE DEFENSE

The Complaint should be dismissed because Plaintiff lacks standing.

### FIFTEENTH AFFIRMATIVE DEFENSE

The Complaint should be dismissed because it is uncertain, vague, ambiguous, improper and unintelligible.

### SIXTEENTH AFFIRMATIVE DEFENSE

Counts III should be dismissed with regard to Defendant RJF Security, Defendant Adam Ferraro, President of RJF Security, and Defendants Several Other RJF Security Officers because none of these defendants were present or personally involved at the time of the alleged incident and 42 U.S.C. § 1983 does not provide for recovery based on the theory of vicarious liability or respondeat superior.

### SEVENTEENTH AFFIRMATIVE DEFENSE

Counts IV should be dismissed with regard to Defendant RJF Security, Defendant Adam Ferraro, President of RJF Security, and Defendants Several Other RJF Security Officers because none of these defendants were present or personally involved at the time of the alleged incident and M.G.L. c. 12 § 11I does not provide for recovery based on the theory of vicarious liability or respondeat superior.

### EIGHTEENTH AFFIRMATIVE DEFENSE

Because the Complaint alleges only conclusions of fact and law, answering Defendants cannot fully anticipate all affirmative defenses that may be applicable to this action. Accordingly, the right to assert additional affirmative defenses, if and to the extent that such affirmative defenses are applicable, is hereby reserved.

WHEREFORE, Defendants demand that the Complaint be dismissed with costs.

DEFENDANTS DEMAND A TRIAL BY JURY.

          Defendants,
          By their attorneys,
          WILLIAMS & O'LEARY, LLP

**CERTIFICATE OF SERVICE**
I hereby certify that a true copy of the above document was served upon the attorney of record for each other party by mail-hand on May 2, 2005

Christopher S. Williams (BBO# 528465)
Keith M. Jones (BBO# 660219)
11 Beacon Street, Suite 1100
Boston, MA 02108
(617) 303-0909
Fax: (617) 723-3355
www.williamsoleary.com