UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| JAVIER SOTO,      Plaintiff | )<br>)<br>) |
| v. | )<br>) |
| JOHN DEGON, SEVERAL UNKOWN WORCESTER POLICE OFFICERS, the CITY of WORCESTER, RICHARD FRIKSKER, JOSE RIVERA, SEVERAL UNKNOWN R.J.F. SECURITY OFFICERS, R.J.F. SECURITY, ADAM FERRARO, President of R.J.F. SECURITY, and the TROPIGALA NIGHT CLUB,[1]      Defendants | )<br>)<br>)<br>)  CIVIL ACTION NO. 05-40029FDS<br>)<br>)<br>)<br>)<br>)<br>) |

PRETRIAL MEMORANDUM OF DEFENDANTS JOHN DEGON
AND THE CITY OF WORCESTER

Defendants John Degon and the City of Worcester hereby provide, pursuant to this Court's June 7, 2007 Order, their pretrial memorandum.

I.   Summary Of Evidence Expected To Be Offered By Defendants:

This case arises out of a bar fight at the Tropigala Nightclub on Main Street, Worcester, Massachusetts on May 26, 2003 at approximately 1:00 a.m. Plaintiff and four other individuals were arrested by the Worcester Police Department and charged with disorderly conduct and affray. Officer John Degon was working a private detail job at the nightclub when the fight broke out. When he realized that he could not gain control of the situation due to the large number of individuals involved in the fight and due to the fact that the individuals were not responding to his commands to break up the fight, he called for police backup. In addition to the Worcester Police Department presence at the nightclub that evening, there were two private

---

[1] Defendant Tropigala Night Club has not answered Plaintiff's Complaint, nor has it participated in this litigation. There has not, however, been a default judgment against it.

security officers, Defendants Richard Frisker and Jose Rivera, working for R.J.F. Security Company, who were hired by the band that was performing at the nightclub. These private security officers assisted in breaking up the fight and escorting patrons from the nightclub. Once the combatants were escorted out of the nightclub, Officer Degon identified five individuals who participated in the fight and who were the most disorderly and resistant to be arrested. While Officer Degon did not physically arrest and handcuff each of the five individuals, and, in fact, he is not certain that he handcuffed any of the five individuals, he is listed as the arresting officer on the police reports and he initiated criminal process, charging each with disorderly conduct and affray. Javier Soto's criminal charges were ultimately dismissed without prejudice at the request of Mr. Soto, who was represented by Attorney John Bosk.[2]

Plaintiff's Allegations and Damages

Plaintiff's claims against Defendants John Degon and the City of Worcester are as follows:

Count I: Violation of 42 U.S.C. § 1983 for alleged use of excessive force, unlawful arrest, and deliberate indifference to medical needs by the individual defendants, including John Degon;

Count II: Violation of 42 U.S.C. § 1983 against the City for its alleged unconstitutional custom and practice of failing to train, supervise and discipline its police officers, allowing unlawful arrests, excessive force, and denial of medical care;

Count IV: Violation of Mass. Gen. Laws c. 12, § 11I against all defendants for allegedly violating Plaintiff's civil rights by means of threats, intimidation and coercion; and

Count VI: Battery against the individual defendants, including John Degon.

---

[2] Plaintiff contends that the dismissal of his criminal case was at the request of the Commonwealth, however, the Court records indicate that dismissal was at the request of the criminal defendant – Soto. The Worcester District Court file also indicates that the two private security officers did not appear to testify at Mr. Soto's criminal trial. Additionally, there is also a notation that Worcester Police Officer John Degon was present in District Court at 9:30 a.m., but had a doctor's appointment at 10:30 a.m., and, presumably, had to leave Court before a trial could commence.

Plaintiff's Complaint alleges in part that:

> on or about May 26, 2003, he was pepper sprayed, kicked, and severely beaten by defendants Degon, Friksker (sic), Rivera and unknown police officers and security officers within and immediately outside the Tropigala Nightclub in Worcester, Massachusetts. As a result of the defendants' actions, plaintiff suffered permanent and severe physical injuries including, but not limited to, burns to his right eye and the loss of a portion of his testicle. He has also experienced a great deal of emotional distress.

(Plaintiff's Complaint, ¶ Introduction). Plaintiff claims that security officer Rivera pinned Soto's hands behind his back while security officer Frisker kneed him and kicked him in the testicles with substantial force. (Plaintiff's Complaint, ¶¶ 15-16). Plaintiff claims further that Officer Degon kicked him two times in the ribs. (Plaintiff's Complaint, ¶ 17). Plaintiff also claims that he was pepper sprayed by an unknown Worcester Police Officer (Plaintiff's Complaint, ¶ 18-19), and that he was dragged from the club, slammed onto the sidewalk, and kicked several times by "the defendant officers." (Plaintiff's Complaint, ¶¶ 20-21). Finally, Plaintiff claims that, throughout the booking process, he repeatedly requested medical attention for the burning sensation in his eyes from the pepper spray, but was denied treatment. (Plaintiff's Complaint, ¶¶ 23-25).

After Plaintiff was released, he was treated at Leominster Hospital for a swollen and bruised testicle. (Plaintiff's Complaint, ¶¶ 26-28). Soto was released from the hospital, but returned within a few hours with a swollen testicle which required surgery. (Plaintiff's Complaint, ¶ 31). Plaintiff claims that a portion of his testicle was removed during the procedure. (Plaintiff's Complaint, ¶ 32). Plaintiff claims further that he suffered burns to his eyes requiring two rounds of eye surgery. (Plaintiff's Complaint, ¶¶ 34 and 39). Finally, Plaintiff alleges that he had and continues to have pain during sexual

activity. Plaintiff's deposition testimony with respect to the events leading up to the arrest, the arrest, and the booking is, for the most part, consistent with Plaintiff's allegations in his Complaint. However, Plaintiff's deposition testimony with respect to his alleged injuries and damages varies greatly from the allegations in his Complaint.

      Defendants' Position

Discovery has revealed that Plaintiff's injuries are not nearly as serious as claimed in Plaintiff's Complaint. First, while Plaintiff claims that a portion of a testicle was surgically removed, the medical records, as well as Plaintiff's own deposition testimony, has revealed that there was a small tear in the testicle, which was surgically repaired. Second, while Plaintiff claims in his Complaint that he continues to suffer from pain and sexual side effects to the present day, Plaintiff testified in his deposition that those effects subsided within a year of the incident. Third, while Plaintiff claims that he required multiple eye surgeries as a result of so-called chemical burn from the pepper spray, Plaintiff's medical records, as well as his own deposition testimony, has revealed that the only treatment he received as a result of the pepper spray was having his eyes washed out with water and wearing an eye patch for a few days. Plaintiff testified in his deposition that his eye surgery was in the nature of laser eye surgery so that he would no longer need to wear reading glasses. Even so – Plaintiff does not claim that John Degon was the individual who kicked him, injuring his testicles, nor was Degon the individual who used pepper spray on Plaintiff. Plaintiff's only claim against Degon is that Degon allegedly kicked him twice in the ribs. However, Plaintiff did not report any rib injury to his medical providers, nor did he receive any treatment to his ribs. Thus, Degon and the City cannot be held liable for testicular and eye injuries and related damages, which constitute

the majority of Plaintiff's damages.

In support of Plaintiff's false arrest claim, Plaintiff relies on the fact that the criminal charges were dismissed as evidence of false arrest. However, the Worcester District Court file indicates that (1) the charges were dismissed without prejudice on the motion of the criminal defendant; (2) the security officers did not appear to testify at trial; and (3) Degon apparently had to leave Court prior to commencement of trial due to a doctor's appointment. So, there was no adjudication of the merits of the criminal case against Plaintiff, and, therefore, Plaintiff cannot, as a matter of law, rely on the dismissal to support his false arrest claim.

As to Plaintiff's claim that he made repeated requests for medical treatment which were ignored, said claim is without merit. First, the EMS records indicate that the ambulance met the police wagon at the old City Hospital, where the arrestees were treated for the effects of pepper spray prior to being transported to the police station for booking. Second, while Plaintiff claims that he repeatedly requested medical treatment during the booking process, the booking video demonstrates that Plaintiff did not make any requests whatsoever. The video also shows that Soto was evaluated for obvious signs of injury such as bleeding and cuts. Moreover, Plaintiff admitted in his deposition testimony that, while he was at the police station, he was more concerned with the burning sensation in his eyes than anything else (i.e. pain in his testicle). In fact, Plaintiff never complained of testicular pain while in the custody of the Worcester Police Department. So, assuming for the sake of argument that Plaintiff made a request for medical treatment, any request would likely have resulted in another eye wash; and, once again, contrary to Plaintiff's claims in his Complaint, Plaintiff did not suffer any

5

permanent eye damage from the pepper spray. In light of the fact that Plaintiff was treated for the effects of pepper spray, and in light of the fact that Plaintiff did not complain of any other injuries, the City and John Degon cannot be liable for deliberate indifference to medical needs under § 1983. Moreover, Plaintiff's claim for deliberate indifference to medical needs is asserted against John Degon who was not involved in the booking process and was not present when Plaintiff was purportedly denied medical care. Accordingly, neither John Degon nor the City of Worcester can be held liable, as a matter of law, for deliberate indifference to medical needs.

As to Plaintiff's claim that the City of Worcester failed to train, supervise and discipline its police officers, there is no evidence to support said claim. Plaintiff attributes the claimed deficiencies to the conduct of police officers that are not named as defendants in this lawsuit (i.e. use of pepper spray and denial of medical care). However, the City cannot, as a matter of law, be liable for a § 1983 violation without first finding John Degon liable for a § 1983 violation. Moreover, the discovery process has not revealed any evidence in support of Plaintiff's claim against the City for maintaining a custom or policy of failing to train, supervise or discipline. Therefore, Plaintiff's § 1983 municipal liability claim is not viable.

Plaintiff has not quantified his damages. However, as stated above, any claimed eye treatment and/or eye surgeries would not be compensable as they are admittedly unrelated to the incident that gives rise to this lawsuit.

II.     Facts Established By Pleadings Or Stipulations of Counsel:

Defendants will stipulate that Worcester Police Officer John Degon was working a paid detail at the club where Plaintiff was arrested.

Defendants will stipulate that Plaintiff was arrested at the direction of Officer John Degon, but will not stipulate that Officer John Degon in fact physically arrested and handcuffed Plaintiff.

Defendants will stipulate that Officer John Degon charged Plaintiff with disorderly conduct and affray.

III.   Contested Issues of Fact:

Defendants contest Plaintiff's entire version of his arrest, transport, booking, claimed requests for medical treatment, the causal connection and extent of his injuries, and the claimed extent and necessity for treatment related to his arrest.  As to Officer John Degon's conduct, he denies the only claim against him, which is that he kicked Plaintiff twice in the ribs.

IV.   Jurisdictional Questions:

None.

V.   Questions Raised By Pending Motions:

None.

VI.   Issues of Law, Including Evidentiary Questions:

Defendants expect to file motions in limine on or before the court-ordered deadline of September 26, 2007.

Aside from the legal issues that will be raised in the motions in limine, Defendants request that the Court address the following legal issues at the pretrial conference in order to streamline the viable causes of action prior to trial:  (1) Count II of Plaintiff's Complaint brought pursuant to 42 U.S.C. § 1983, the Monell claim against the City of Worcester, should be dismissed as Plaintiff has not developed that theory of

liability in discovery, nor has Plaintiff named an expert witness to testify as to the City's alleged unconstitutional policy; (2) Count IV of Plaintiff's Complaint brought pursuant to Mass. Gen. Laws c. 12, § 11I, the Massachusetts Civil Rights Act claim, should be dismissed as Plaintiff alleges only direct violations of his civil rights, which cannot, as a matter of law sustain a MCRA claim, see Longval v. Commissioner of Correction, 404 Mass. 325, 333 (1989); (3) joint liability: in discussions with Plaintiff's counsel with respect to Plaintiff's limited allegation against Officer Degon and the absence of actual damages resulting from said claim, Plaintiff's counsel indicated that he believes he can pursue a theory of joint liability against all of the individually named Defendants; however, Defendants do not believe the tort theory of joint liability can apply in a civil rights action where Plaintiff's claimed damages result from intentional, rather than negligent, conduct on the part of the individually named Defendants; and (4) admissibility of Plaintiff's record of convictions.

VII.   <u>Any Requested Amendments to the Pleadings</u>:

   None.

VIII.  <u>Any Additional Matters to Aid in the Disposition of the Action</u>:

   See the issues raised in section VI above.

IX.   <u>Probable Length of Trial</u>.

   While the length of trial will be dependent on the matters raised in section VI above as well as motions in limine, Defendants expect trial to last approximately 4 full days inclusive of jury selection.

X.   <u>Witnesses</u>.

   Defendants':

1. Javier Soto
2. John Degon
3. Richard Frisker
4. Jose Rivera
5. Adam Ferraro
6. Ben Mercedes – manager of the Tropigala nightclub
7. Keeper of Records – EMS – UMass Ambulance
8. Captain Edward McGinn, Worcester Police Department
9. Deputy Chief Giulio Fusaro – Worcester Police Department
10. Officer Wilfred Lamothe – Worcester Police Department
11. Officer John Towns – Worcester Police Department
12. Captain Barbara Swift – Worcester Police Department
13. Keeper of Records – Communications Dept. – Worcester Police Dept.
14. Keeper of Records – Service Division – Worcester Police Dept.
15. Keepers of Records – Plaintiff's medical care providers
16. Officer Brian Cozzolino – Worcester Police Department
17. Officer Joseph Ashe – Worcester Police Department
18. Officer David Brunelle – Worcester Police Department
19. Officer Michael Lahair – Worcester Police Department
20. Sgt. Ronald Lapointe – Worcester Police Department
21. Officer William Mosely – Worcester Police Department
22. Sergeant Robert Sweeney – Worcester Police Department
23. Officer Michael McCann – Worcester Police Department
24. Civilian witness, name unknown
25. Person with the most knowledge, Training Division, WPD

Defendants reserve the right to supplement this witness list and to call any witnesses on Plaintiff's list.

XII.  PROPOSED EXHIBITS:

1. Police reports, including booking reports;
2. Booking video;
3. Dispatch and communications tapes;
4. Plaintiff's conviction record;
5. Plaintiff's statements made during presentencing and sentencing hearings relative to his current conviction;

Defendants reserve the right to supplement this exhibit list and to rely upon Plaintiff's proposed exhibits.

JOHN DEGON and CITY OF WORCESTER,

By their attorneys,

David M. Moore
City Solicitor


/s/ Janet J. McGuiggan
Janet J. McGuiggan (BBO #630013)
Assistant City Solicitor
City Hall, Room 301
455 Main Street
Worcester, MA 01608
(508) 799-1161

July 27, 2007


CERTIFICATE OF SERVICE

    I, Janet J. McGuiggan, do hereby certify that, on this 27th day of July, 2007, I served the within Pretrial Memorandum of Defendants John Degon and City of Worcester upon all parties of record by filing the same through this Court's ECF system with notification sent to all participants.

/s/ Janet J. McGuiggan