UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| JAVIER SOTO )<br>     Plaintiff, )<br> ) C.A. No. 05-40029-FDS<br>v. )<br> )<br>JOHN DEGON, et al., )<br>     Defendants. )<br> ) | |

**PLAINTIFF'S PRE-TRIAL MEMORANDUM**

The Plaintiff respectfully submits the following Pre-Trial Memorandum:

1.  SUMMARY OF THE EVIDENCE

Plaintiff will offer the following evidence at trial:

On the evening of May 26, 2003, Javier Soto went to the Tropigala nightclub in Worcester, Massachusetts with his brother Juan Soto. At approximately 12:45 a.m. a fight broke out in the club. Plaintiff Soto was not involved.

At approximately 1:00 a.m. the lights were turned on and defendant R.J.F. Security officers and/or Worcester police officers began releasing pepper spray into the crowd. Many patrons were pushing and falling as they rushed to exit the club. While Plaintiff was exiting the club, one of the security officers, defendant Jose Rivera, pulled him aside and pinned his hands behind his back. Another officer, defendant Richard Friske, kneed him and kicked him several times in the testicles with substantial force.

As Soto began to register the tremendous pain from Friske's blow, defendant John Degon of the Worcester Police Department kicked him two times in the ribs and began to hit other patrons in the vicinity with his police club. Additional members of the Worcester Police Department then appeared and an unknown officer handcuffed Soto.

1

This officer then released pepper spray two inches from Soto's face. Although Soto was blinded by the spray and immobilized with pain, he continued to be hit. At this point, Plaintiff's pain was so severe that it was no longer localized. He was unable to discern which parts of his body actually hurt as he was dragged from the club by the defendant police officers and R.J.F. Security officers.

Once outside, an officer slammed Soto's face into the sidewalk and one jammed his knee firmly into the back of his neck as he was kicked several more times. At this point, Plaintiff was put into a prisoner transportation vehicle. The driver drove erratically, causing Soto more discomfort, as he was dizzy, disoriented, and being jerked around in the back of the vehicle.

Once they arrived at the police station, Soto asked to go to the hospital, and was told "F__ yourself." An unknown police officer finally splashed water in Soto's eyes. At this point, Plaintiff could still barely open his eyes and was unable to walk. An officer had to help him into the station.

While being booked, Soto again requested to be taken to the hospital. A booking video shows that he was in agony. A police officer looked at him and told him that he was fine to spend the night in jail because he was not bleeding.

Plaintiff was bailed out after about four hours and went directly to Leominster Hospital. As the doctor examined Plaintiff's testicle, he exclaimed, "Jesus Christ." His testicles were swollen and bluish purple from the bruising. Soto also had scratches and cuts on his face, shoulder and knees. The doctor informed Plaintiff that his testicle looked horrible, it would probably require surgery, and there was a good chance it would have to be removed.

Plaintiff spent three days in the hospital. Within a few hours of his release from the hospital, Plaintiff's testicle swelled to over three times its normal size. Soto returned to the

hospital, where he was immediately taken into surgery. A portion of his testicle was removed during the procedure. Soto spent four days in the hospital following surgery and had to return to the hospital several times for follow-up consultations. Plaintiff was also required to wear a patch for several days because the pepper spray had burned the inside of his eye.

All charges stemming from this incident were dismissed by the Commonwealth. As a result of his injuries, Soto was unable to engage in sexual relations for seven months. Although he was finally medically cleared for sexual intercourse, the doctor informed Soto that he would continue to have physical pain during intercourse, rendering sexual activity difficult. For a long time after the incident, Plaintiff found that he often had to cease sexual activity due to the pain involved. In addition, he still experiences pain in his eyes, has difficulty seeing and has so far undergone two rounds of eye surgery. He has also suffered great emotional distress and humiliation as a result of this incident.

2.      AGREED UPON FACTS

The Plaintiff and Defendants were present at the Tropigala on the night in question. A fight broke out at some point. Someone sprayed pepper spray. Several people, including Soto, were arrested. All criminal charges against Soto were later dismissed.

3.      CONTESTED FACTS

The extent of Plaintiff's involvement in the fight, the extent of the Defendants' involvement in the fight, the interaction between the Plaintiff and the Defendants, the extent of Plaintiff's injuries.

4.      JURISDICTIONAL QUESTIONS

None.

5. QUESTIONS RAISED BY PENDING MOTIONS

   No motions are pending.

6. ISSUES OF LAW INCLUDING EVIDENTIARY QUESTIONS

   Issues of law:

   a) Whether Plaintiff's Fourth and/or Fourteenth Amendment Rights were violated.

   b) Whether the City of Worcester has a custom or policy of tolerating such violations, thereby causing the deprivation of the Plaintiff's rights.

   c) Whether Defendants Fiske and Rivera are liable for their actions under §1983.

   d) Whether Defendant RFJ Security is liable for battery and/or negligence

   e) Whether all individual Defendants are liable under the Massachusetts Civil Rights Act

   Evidentiary issues:

   Admissibility of Plaintiff's most recent conviction and/or current incarceration.

7. REQUESTED AMENDMENTS TO THE PLEADINGS

   There are no requested amendments to the pleadings at this time.

8. ADDITIONAL MATTERS IN AID OF DISPOSITION

   None

9. PROBABLE LENGTH OF TRIAL

   Approximately one week

10.     WITNESSES THAT MAY BE CALLED AT TRIAL

**Plaintiff**

1. Plaintiff
2. Defendants
3. Plaintiff's wife
4. Lt. Barbara Swift
5. Ricardo Perez
6. Sixto Villalobos
7. Francisco Ortiz
8. Pedro Martinez
9. Lt. Richard D. Krasinskas
10. R. Guinard Patriot Ambulance tech
11. M Trifiro, Patriot Ambulance driver
12. Dr. Stefan Karos, Health Alliance Hospital, Leominster Campus
13. Dr. Beth Kurtz, Health Alliance Hospital, Leominster Campus
14. Dr. Lynn Joe, Health Alliance Hospital, Leominster Campus
15. Dr. Guillermo Walters, interpreting physician, Health Alliance Hospital,
16. Nannette Cormier, LSW, UMass Memorial, 60 Hospital Road, Leominster
17. Patricia M. Kennedy, RN, UMass Memorial, 60 Hospital Road, Leominster
18. Dr. Jan Rockwood, UMass Memorial, 60 Hospital Road, Leominster
19. Dr. Sham Rang S. Khalsa, UMass Memorial, 60 Hospital Road, Leominster
20. Triage Nurse (FNU LNU), May 30, 2003, UMass Memorial, 60 Hospital Road, Leominster

21. Cheryl Bouchard, Nurse, UMass Memorial, 60 Hospital Road, Leominster

22. Registered Nurse, May 31, 2003, UMass Memorial, 60 Hospital Road, Leominster

23. Dr. Martin LNU, May 31, 2003, UMass Memorial, 60 Hospital Road, Leominster

24. Various Registered Nurses (*see* Medical Records), May 30, 2003, UMass Memorial, 60 Hospital Road, Leominster

25. Anita McKenney, Registered Nurse, UMass Memorial, 60 Hospital Road, Leominster;

26. Dr. Jeffrey Dann, UMass Memorial, 60 Hospital Road, Leominster;

27. Iris Brodeur, Registered Nurse, May 26, 2003, UMass Memorial, 60 Hospital Road, Leominster;

28. Dr. Donald P. Jackel, UMass Memorial, 60 Hospital Road, Leominster;

29. Richard Frenier, DO, FACEP, UMass Memorial, 60 Hospital Road, Leominster;

30. Dr. Francis A. D'Ambrosio, Jr., UMass Memorial, 60 Hospital Road, Leominster;

31. Dr. Sanjay Kamath, Interpreting Physician, UMass Memorial, 60 Hospital Road, Leominste

32. Dr. Lawrence Weil, Interpreting Physician, UMass Memorial, 60 Hospital Road, Leominster;

Plaintiff reserves the right to call any witness on the Defendants' witness list and to supplement his list.

11.   PROPOSED EXHIBITS

   **Plaintiff**

   (a)   Medical Records of the Plaintiff's treatment

   (b)   Photographs

(c) Police Reports

(d) Witness statements of Defendants

(e) Newspaper articles

(f) Booking video

Plaintiff may also rely upon Defendants' proposed exhibits, and reserves the right to make a timely supplement to this list.

DATED: July 27, 2007

Respectfully Submitted,
Plaintiff Javier Soto
By his attorneys


//s// Michael Tumposky
Stephen Hrones
BBO # 242860
Jessica D. Hedges
BBO # 645847
Michael Tumposky
BBO # 660618
Hrones, Garrity & Hedges, LLP
Lewis Wharf-Bay 232
Boston, MA 02110-3927
T) 617-227-4019

### CERTIFICATE OF SERVICE

I hereby certify that, on this the 27th day of July, 2007, I have served a copy of this document, where unable to do so electronically, by first class mail, postage prepaid, as follows: Janet J. McGuiggan, City Hall, Room 301, 455 Main Street, Worcester, MA 01608; Christopher Williams, Williams & Associates, LLP, Suite 1100, 11 Beacon St., Boston, MA 02108.

//s// Michael Tumposky
Michael Tumposky