UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| JAVIER SOTO,<br>    Plaintiff,<br><br>V.<br><br>JOHN DEGON, SEVERAL UNKNOWN<br>WORCESTER POLICE OFFICERS,<br>THE CITY OF WORCESTER,<br>RICHARD FRIKSKER, JOSE RIVERA,<br>SEVERAL UNKNOWN R.J.F.<br>SECURITY OFFICERS, R.J.F.<br>SECURITY, ADAM FERRARO,<br>PRESIDENT OF R.J.F. SECURITY<br>AND THE TROPIGALA NIGHT CLUB,<br>    Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)     C.A. NO. 05-40029 FDS |

**PRE-TRIAL MEMORANDUM OF RICHARD
FRIKSKER, JOSE RIVERA, SEVERAL UNKNOWN R.J.F.
SECURITY OFFICERS, R.J.F. SECURITY AND ADAM
<u>FERRARO, PRESIDENT OF R.J.F. SECURITY</u>**

Defendants Richard Friksker (whose correct name is Richard Fiske), Jose Rivera, Several Unknown R.J.F. Security Officers, R.J.F. Security and Adam Ferraro, President of R.J.F. Security hereby provide, pursuant to this Court's June 7, 2007 Order, their pretrial memorandum.

**I.    Summary Of Evidence Expected To Be Offered By Defendants:**

This ease arises out of a bar fight at the Tropigala Nightclub on Main Street, Worcester, Massachusetts on May 26, 2003 at approximately 1:00 a.m. Plaintiff and four other individuals were arrested by the Worcester Police Department and charged with disorderly conduct and affray.

Defendants Fiske and Rivera were security guards working for R.J.F. Security, Inc., a Massachusetts corporation, in the security business. On the night in question, they were at the

Tropigala as a result of being hired by the band that was playing at the club, to watch the gate and ticket sales. Both remained at or near the door into the club, at which was located a metal detector. No other R.J.F. Security personnel were at the club that night. Neither of the two men carried pepper spray. Officer John Degon of the Worcester Police Department was working his usual private detail job at the nightclub when the fight broke out.

Literally within seconds of the fight erupting, the Worcester Police responded and stormed the club. At that time, according to Officer Degon, another Worcester Police officer discharged pepper spray in the club and the fight was eventually quelled.

When the fight broke out, Rivera was in the entryway to the club, but not in the actual bar/lounge area. When pepper spray was released by the responding police, he began to feel nauseous and immediately went out for air and sat in his truck. He never saw what happened and never saw the plaintiff, never sprayed him with anything and never touched him. Fiske was near the entryway into the club when the fight broke out and was directed by Officer Degon to go to the back door of the club to facilitate the exit of patrons, which he did. He too denies ever seeing the plaintiff, ever spraying him with anything and ever touching him. Both deny that they played any part in breaking up the fight.

Plaintiff admits that he was in the middle of the fight and as a result, fell to the floor and was kicking and wrestling with others. He claims that a Spanish security guard lifted him up from the ground and held his arms behind his back while an older white security guard kneed him in the groin. Both Rivera and Fiske deny any such incident occurred.

Defendants further expect the evidence to show that plaintiff is a twice convicted drug dealer, who is currently awaiting sentencing in this Court, after pleading guilty to his most recent charge of possession with intent to distribute crack cocaine.

**II.	Plaintiff's Allegations and Damages**

Plaintiff's claims against Defendants Richard Friksker (whose correct name is Richard Fiske), Jose Rivera, Several Unknown R.J.F. Security Officers, R.J.F. Security and Adam Ferraro, President of R.J.F. Security are as follows:

Count III:  Violation of 42 U.S.C. § 1983 for alleged use of excessive force and unlawful arrest;

Count IV:  Violation of Mass. Gen. Laws c. 12, § 111 for allegedly violating Plaintiff's civil rights by means of threats, intimidation and coercion; and

Count V:  Negligence; and,

Count VI:  Battery.

> Plaintiff's Complaint alleges in part that:
>
> on or about May 26, 2003, he was pepper sprayed, kicked, and severely beaten by defendants Degon, Friksker (sic), Rivera and unknown police officers and security officers within and immediately outside the Tropigala Nightclub in Worcester, Massachusetts. As a result of the defendants' actions, plaintiff suffered permanent and severe physical injuries including, but not limited to, burns to his right eye and the loss of a portion of his testicle. He has also experienced a great deal of emotional distress.

Plaintiff claims that security officer Rivera pinned Soto's hands behind his back while security officer Frisker kneed him and kicked him in the testicles with substantial force.

After Plaintiff was released, he was treated at Leominster Hospital for a swollen and bruised testicle.  Soto was released from the hospital, but returned within a few hours with a swollen testicle which required surgery.  Plaintiff claims that a portion of his testicle was removed during the procedure.  Plaintiff claims further that he suffered burns to his eyes requiring two rounds of eye surgery.  Finally, Plaintiff alleges that he had and continues to have

pain during sexual activity. Plaintiff's deposition testimony with respect to the events leading up to the arrest, the arrest, and the booking is, for the most part, consistent with Plaintiffs allegations in his Complaint. However, Plaintiff's deposition testimony with respect to his alleged injuries and damages varies greatly from the allegations in his Complaint.

### III. Defendants' Position

Discovery has revealed that Plaintiff's injuries are not nearly as serious as claimed in Plaintiff's Complaint. First, while Plaintiff claims that a portion of a testicle was surgically removed, the medical records, as well as Plaintiff's own deposition testimony, shows that there was a small tear in the testicle, which was surgically repaired. Second, while Plaintiff claims in his Complaint that he continues to suffer from pain and sexual side effects to the present day, Plaintiff testified in his deposition that those effects subsided within a year of the incident. Third, while Plaintiff claims that he required multiple eye surgeries as a result of so-called chemical burn from the pepper spray, Plaintiff's medical records, as well as his own deposition testimony, has revealed that the only treatment he received as a result of the pepper spray was having his eyes washed out with water and wearing an eye patch for a few days. Plaintiff admitted in his deposition that his eye surgery was in the nature of laser eye surgery, so that he would no longer need to wear reading glasses. It is defendants' position that they were not involved in any such fight or attempt to restrain plaintiff and they did not even touch him. It is defendants' position that if plaintiff was in fact injured at the Tropigala that night, it was as a result of the actions of others in the club and not the defendants.

As to Plaintiff's Sec. 1983 claim against these private defendant, a two-part inquiry is required; the first question is whether the claimed deprivation has resulted from exercise of right of privilege having its source in state authority and the second question is whether, under the

facts of this case, defendants may be appropriately characterized as a state actors. If a purely private action, plaintiff must show some conspiracy with the police to deprive him of his rights. There is no such evidence in this case.

In support of Plaintiffs false arrest claim, Plaintiff relies on the fact that the criminal charges were dismissed as evidence of false arrest. However, the Worcester District Court file indicates that (1) the charges were dismissed without prejudice on the motion of the criminal defendant; (2) the security officers did not appear to testify at trial; and (3) Degon apparently had to leave Court prior to commencement of trial due to a doctor's appointment. So, there was no adjudication of the merits of the criminal case against Plaintiff, and, therefore, Plaintiff cannot, as a matter of law, rely on the dismissal to support his false arrest claim.

Plaintiff has not quantified his damages. However, as stated above, any claimed eye treatment and/or eye surgeries would not be compensable as they are admittedly unrelated to the incident that gives rise to this lawsuit.

Finally, as noted, plaintiff is a felon, currently awaiting sentencing on his most recent charge. It is defendants' position that these convictions/guilty pleas are admissible against him.

**IV.    Facts Established By Pleadings Or Stipulations of Counsel**

Defendants will stipulate that defendants Fiske and Rivera were working a paid detail at the club where Plaintiff was arrested.

**V.    Contested Issues of Fact**

Defendants contest Plaintiff's entire version of the fight, the claims of violation of his rights, his injuries, the alleged roles played by Fiske and Rivera in the incident, as well as the injuries sustained, the causal connection and extent of his injuries, and the claimed extent and necessity for treatment.

**VI.     Jurisdictional Questions**

None at present.

**VII.    Questions Raised By Pending Motions**

None at present.

**VIII.   Issues of Law Including Evidentiary Questions**

Defendants expect to file motions in limine on or before the court-ordered deadline of September 26, 2007.

Aside from the legal issues that will be raised in the motions in limine, Defendants request that the Court address the following legal issues at the pretrial conference in order to streamline the viable causes of action prior to trial: (1) all claims against "several unknown R.J.F. Security officers". The evidence is clear that Fiske and Rivera were the only R.J.F. Security employees or guards at the Tropigala on the night in question; (2) all claims against "Adam Ferraro, President of R.J.F. Security", as the evidence is clear that Mr. Ferraro played no part in this incident, or any of the events leading up to the incident and there is no evidence that he acted in any capacity at any time, other than as president of the corporation; (3) Count IV of Plaintiff's Complaint brought pursuant to Mass. Gen. Laws c. 12, §111, the Massachusetts Civil Rights Act claim, should be dismissed as Plaintiff alleges only direct violations of his civil rights, which cannot, as a matter of law sustain a MCRA claim. See Longval v. Commissioner of Correction, 404 Mass. 325, 333 (1989); and (4) admissibility of Plaintiff's record of convictions.

**IX.     Any Requested Amendments to the Pleadings**

None.

**X.     Any Additional Matters to Aid in the Disposition of the Action**

See the issues raised in section VIII above.

**XI.    Probable Length of Trial**

While the length of trial will be dependent on the matters raised in section VI above as well as motions in limine, Defendants expect trial to last approximately 4 full days, inclusive of jury selection.

**XII.   Witnesses**

Defendants':

1. JavierSoto;

2. John Degon;

3. Richard Fiske;

4. Jose Rivera;

5. Ralph Ferraro;

6. Adam Ferraro;

7. Ben Mercedes — manager of the Tropigala nightclub;

8. Keepers of Records—Plaintiffs medical care providers;

9. Juan Soto

Defendants reserve the right to supplement this witness list and to call any witnesses on Plaintiff's or co-defendants' lists.

**XIII.  Proposed Exhibits**

1. Police reports, including booking reports;

2. Booking video;

3. Dispatch and communications tapes;

4.     Plaintiffs conviction record(s);

5.     Plaintiffs statements made during pre-sentencing and sentencing hearings relative to his current conviction.

Defendants reserve the right to supplement this exhibit list and to rely upon Plaintiff's and/or co-defendants' proposed exhibits.

                                Defendants,
                                By their attorneys,
                                WILLIAMS & ASSOCIATES

                                /s/ Christopher S. Williams
                                Christopher S. Williams (BBO# 528465)
                                11 Beacon Street, Suite 1100
                                Boston, MA 02108
                                (617) 303-0909

July 31, 2007

## CERTIFICATE OF SERVICE

I, Christopher S. Williams, do hereby certify that, on this 31st day of July, 2007, I served the within Pretrial Memorandum of Defendants Richard Friksker (whose correct name is Richard Fiske), Jose Rivera, Several Unknown R.J.F. Security Officers, R.J.F. Security and Adam Ferraro, President of R.J.F. Security upon all parties of record by filing the same through this Court's ECF system with notification sent to all participants.

                                /s/ Christopher S. Williams